IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAVES HALL,

      Petitioner,

v.                                             Civil Action No. 2:09CV36
                                                 Criminal Action No. 2:06CR26
UNITED STATES OF AMERICA,          (JUDGE KEELEY)

      Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED
BECAUSE DEFENDANT WAIVED THE RIGHT TO FILE
A COLLATERAL ATTACK INCLUDING A MOTION UNDER
28 U.S.C. § 2255**

**I. Introduction**

On March 25, 2009, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response on May 21, 2009.[2]

**II. Facts**

**A. Conviction and Sentence**

On January 31, 2007, petitioner signed a plea agreement by which he agreed to plead guilty to Count 1, forcibly assaulting an employee of the Bureau of Prisons resulting in bodily injury in violation of Title 18, United States Code, sections 111(a)(1) and (b). In the plea agreement the parties stipulated that Count Two of the indictment would be dismissed. Petitioner also waived his

---

[1]Dkt. No. 48.

[2]Dkt. No. 55.

1

right to an appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 5. Waiver
>
> A.  Mr. Hall is aware that Title 18, United States Code, § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, Mr. Hall knowingly and voluntarily waives his right to appeal any sentence which is within the maximum penalties identified in the paragraph 2 above (or in the manner in which that sentence was determined) on any ground whatever, including those grounds set forth in Title 18, United States Code §3742. Mr. Hall also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code § 2255 (habeas corpus). In exchange for defendant's waiver, the United States waived its right to appeal the sentence. In the event that there would be an appeal, however, each party reserves the right to argue in support of the sentence.
>
> B.  Mr. Hall waives any right he may have for a jury determination of any and all facts relevant to the application of any Sentencing Guideline provisions; and, he, by entering this agreement, expressly consents to a determination of any and all sentence-related facts, as well as a determination of the application of any and all Sentencing Guideline factors, by the sentencing judge. Mr. Hall agrees that the judge should make any Sentencing Guideline determinations using the preponderance of the evidence standard.

Plea Agreement at 3 (Dkt. No. 30).

On January 31, 2007, the petitioner entered his plea in open court. Petitioner was 25 years old and completed the eleventh grade. (Dkt. No. 43, p. 4). The Court specifically asked petitioner if he understood the waiver of his appellate and post-conviction relief rights and petitioner said "yes." (Id. at 15). Petitioner further said that he knew what a writ of habeas corpus was because he had filed one in a previous case. (Id. at 16). The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights and petitioner's counsel said he was satisfied that petitioner was aware of those rights. (Id. at 20). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 18 - 20). During the plea hearing, the Government presented the testimony of Agent Fox to establish a factual basis for the

plea. (Id. at 21 - 30). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 1 of the indictment. (Id. at 31). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 32 - 33). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 33). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 33 - 34). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id. at 31).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 34). The petitioner did not object to the Court's finding.

On May 18, 2007, petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and, in great detail, the defendant's upbringing and personal history, as well as the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 77 months imprisonment, the lowest end of the applicable sentencing range of 77 to 96 months, to run consecutively to his current three life term sentences.

## B. Direct Appeal

On May 31, 2007, petitioner's counsel filed a notice of appeal with to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed the appeal on January 4, 2008.

On March 17, 2008, petitioner filed a petition for writ of certiori with the U.S. Supreme

Court, and on April 22, 2008, the petition for writ of certiori was denied.

## C. <u>Federal Habeas Corpus</u>

Petitioner contends in Ground One of his petition that his guilty plea was not made knowingly, intelligently and voluntarily, because he entered his plea pursuant to the information that the sentence would be run concurrently with his then-undischarged three concurrent life sentences. In Ground Two, petitioner alleges ineffective assistance of counsel (IAC) "during the preliminary stages of trial" [sic] for failure to move the court to run his sentence concurrently with his current sentences. In Ground Three, petitioner alleges that the District Court failed to take into account his "horrific upbringing and personal history" when calculating his sentence, as it is required to do so pursuant to 18 U.S.C. 3553(a). In Ground Four, petitioner alleges IAC because counsel "coerce[d]" him to plead guilty by "falsely informing [him]...that the government [sic] would run the 77 months to undischarge [sic] sentence concurrently and by not informing [him]...about 5G1.3 that was later brought up at sentence. [sic] Which was never explain [sic]...Had [he]...received the correct information he wouldn't have plead [sic] guilty and would have exercised his rights to a jury trial."

The Government contends that petitioner was not prejudiced by the fact that the 77 month sentence he received will run consecutively, rather than concurrently, to the three concurrent life term sentences he was already serving. The Government also contends petitioner's motion should be dismissed because petitioner waived his right to bring a motion pursuant to 28 U.S.C. § 2255. The Government further contends that even if the waiver were held invalid, the petitioner was not deprived of counsel at a critical stage, petitioner was not coerced into pleading guilty, he made his plea knowingly, intelligently and voluntarily, and the Court did take into account petitioner's upbringing and personal history when calculating his sentence.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

### III. Analysis

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be

5

said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Attar, 38 F.3d at 732 [holding it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations"].

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

6

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel" are not waived by a general waiver of appeal rights contained in the plea agreement. Attar, 38 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing are not barred by a general waiver-of appeal rights.

Several courts have distinguished IAC claims raised in a § 2255 case from those raised on direct appeal. In Braxton v. United States, 358 F. Supp. 2d 497 (W.D.Va. 2005), the Court noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions

7

applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D.Va. 2001)). Nonetheless, the Court distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton, 358 F. Supp. 2d at 503.

The Court in Braxton further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995) also supports such a distinction. Braxton, 358 F. Supp. 2d at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not

8

relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

The recent unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights. Similarly here, the district court conducted a Rule 11 colloquy and the petitioner mentioned he waived his right to appeal any sentence below 240 months. (Plea Transcript at 15; Dkt. No.43). Petitioner waived his right to collaterally attack the sentence if his sentence was 240 months or less. (Id.) His sentence was 77 months imprisonment. The only reasonable conclusion is petitioner waived the right to collaterally attack the guilty plea.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: July 14, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE