IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAVES HALL,**

    **Petitioner,**

v.                                    **Civil Action No. 2:09CV36**
                                        **Criminal Action No. 2:06CR26**
                                               **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

Pending before the Court are the Report and Recommendation ("R&R")(dkt. 56)[1] of United States Magistrate Judge James E. Seibert, and the objections of the pro se petitioner, Javes Hall ("Hall"). For the reasons stated in this order, the Court **ADOPTS-IN-PART** the R&R and **DISMISSES** Hall's petition under 28 U.S.C. § 2255 **WITH PREJUDICE.**

**I. BACKGROUND**

On May 18, 2007, the Court sentenced Hall to 77 months of imprisonment for forcibly assaulting an employee of the Bureau of Prisons resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b). (Dkt. No. 34.) Previously, Hall had entered into a plea agreement with the Government that contained a waiver of his right to file a collateral attack under § 2255 (dkt. 40).

---

[1] Citations are to Hall's underlying criminal case docket, Crim. Action No. 2:06cr26, unless otherwise noted.

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

Despite that waiver, Hall filed the instant petition and the Magistrate Judge ordered the Government to respond. When it did so, the Government argued that Hall's plea agreement barred this collateral attack. The Magistrate Judge agreed and recommended that the petition be denied. Hall timely filed objections to the R&R.

## II. STANDARD OF REVIEW

The Court must undertake a de novo review of those portions of the R&R to which a party specifically objects. 28 U.S.C. 636(b)(1). It may adopt without explanation, however, any portion of the R&R to which no objection is made. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## III. ANALYSIS

Hall's objections do not adequately set forth any specific disagreement with the R&R. Because the R&R applied Hall's appellate waiver to allegations outside its scope, however, the Court must address the contention in Hall's petition that he should be permitted to avoid the application of his agreement not to pursue collateral relief.

### A. Hall Waived His Right to Object.

Although Hall's objections thoroughly discuss federal precedent establishing that the performance of ineffective trial

2

HALL v. U.S.                                                  2:09cv36
U.S. v. HALL                                                  2:06cr26

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

counsel may invalidate a guilty plea, Hall does not specifically state any factual grounds to support rejecting the R&R, nor does he identify any specific legal error committed by the Magistrate Judge. Indeed, nowhere in his objections does he refer to the facts or rulings of this case. Instead, he merely restates the authority already presented in his petition. The Court therefore concludes that Hall has failed to properly raise specific objections to the R&R and, thus, has waived his right to challenge the findings of the Magistrate Judge.

### B. The Petition Must Be Denied.

To the extent Hall has preserved any objection, following a de novo review, the Court finds that his petition should be denied in its entirety for reasons that differ somewhat from those in the R&R. The Magistrate Judge found that all of Hall's grounds for relief were barred by the valid waiver of his collateral attack rights contained in the plea agreement.

The waiver is indeed valid, and bars all but one of Hall's claims. Allegations of ineffective assistance in a collateral attack, based on events occurring prior to entry of a guilty plea, may generally be barred by a valid waiver. U.S. v. Lemaster, 403 F.3d 216 (4th Cir. 2005).

3

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

---

Under <u>United States v. Attar</u>, 38 F.3d 727 (4th Cir. 1994), however, the waiver does not bar Hall's allegations of ineffective assistance arising after the entry of his guilty plea. The record, nevertheless, establishes that defense counsel was not ineffective at this stage of the proceedings, and Hall's claim of ineffectiveness therefore is devoid of merit.

Finally, <u>Attar</u> permits a petitioner to avoid a knowing and voluntary waiver only as to claims that arise after the entry of a guilty plea and allege constitutional violations. <u>Id.</u> at 732 ("[A] defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.")(citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1351 n. 18 (11th Cir. 1993)("[T]here are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers.")). Hall's claim that the Court failed to adequately consider his history and background does not implicate these "fundamental and immutable" constitutional principles. Thus, the <u>Attar</u> exception does not apply, and his valid waiver bars these grounds for relief.

4

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

**1.   Hall's Waiver is Valid**.

According to the transcript of the plea hearing in this case, during a thorough Rule 11 colloquy, Hall affirmatively demonstrated both an understanding of the collateral attack process and the waiver of those rights. Accordingly, Hall's waiver of his right to file a § 2255 motion was knowingly and voluntarily made.

**2.   The Waiver Bars Allegations Arising Before Entry of the Plea.**

In general, courts uphold valid waivers of a defendant's right to collaterally attack his sentence. Lemaster, 403 F.3d 216. In Attar, however, the Fourth Circuit held that, in the context of an appeal, such routine waivers could not bar claims of constitutional violations that arose after the entry of the plea agreement. 38 F.3d at 732 (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). The Court reasoned that a waiver of appellate rights is "implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." Id.

Although the Magistrate Judge cited with approval cases outside the Fourth Circuit that have not applied the Attar exception to collateral attacks (contrasted with appeals), the Court declines to make this distinction. In Lemaster, the Fourth

5

**HALL v. U.S.** 2:09cv36
**U.S. v. HALL** 2:06cr26

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

Circuit found "no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement." 403 F.3d at 220 (quoting DeRoo v. U.S., 223 F.3d 919, 923 (8th Cir. 2000)). Thus, allegations of ineffective assistance arising after the entry of the plea are not barred by the waiver provision of Hall's plea agreement. Nevertheless, as the following discussion demonstrates, these allegations are without merit.

### 3. Hall's Counsel Was Not Ineffective at Sentencing.

At Ground Two of his petition, Hall alleged that his trial counsel was constitutionally ineffective because he failed to request "during the preliminary stages of trial" that the term of imprisonment be run concurrently with, rather than consecutively to, his three previous life sentences. As noted above, any such failure "during the early stages of trial," presumably before the entry of the plea agreement, is not actionable under Hall's waiver.

Under Attar, an allegation that counsel was ineffective at sentencing is not barred by the defendant's prior waiver. To the extent that Hall alleges his attorney failed to adequately press the issue at the sentencing hearing, however, the record clearly demonstrates otherwise. The transcript of that hearing establishes

6

HALL v. U.S.                                                     2:09cv36
U.S. v. HALL                                                     2:06cr26

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION
(DKT. 56,  2:06CR26; DKT. 6, 2:09CV36) AND
DISMISSING § 2255 PETITION WITH PREJUDICE**

that Hall's attorney argued competently, albeit unsuccessfully, for a concurrent sentence. Thus, although this claim is not barred by Hall's waiver, it is without merit.

**4.    Hall's Waiver Bars his Challenge to the Sentence Imposed.**

Finally, Hall's contentions that the Court improperly failed to consider his background and imposed an unreasonable sentence must fail. In <u>Attar</u>, the Court clearly limited relief from a waiver to constitutional violations arising after entry of a plea agreement, such as a sentence imposed in violation of a statutory maximum, or, as noted above, while the defendant lacked the effective assistance of counsel. 38 F.3d at 732. Hall makes no such constitutional argument in this section of his petition. Accordingly, his valid waiver bars these claims.

## CONCLUSION

The Court **ADOPTS-IN-PART** the R&R, and **DISMISSES** the petition **WITH PREJUDICE**. It declines to issue a certificate of appealability in this case pursuant to 28 U.S.C. § 2253(c), for Hall has not raised any constitutional issue on which reasonable jurists might differ.

It is so **ORDERED.**

| HALL v. U.S. | 2:09cv36 |
| U.S. v. HALL | 2:06cr26 |

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION (DKT. 56, 2:06CR26; DKT. 6, 2:09CV36) AND DISMISSING § 2255 PETITION WITH PREJUDICE**

The Court directs the Clerk enter a separate judgment order in Civ. Action No. 2:09cv36 pursuant to Fed. R. Civ. P. 58, and to transmit a copy of both orders to the pro se defendant, by certified mail, return receipt requested, and to counsel of record and all appropriate agencies.

DATED: June 24, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE